**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21142

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION**

| | |
|---|---|
| Lisa M. Schultz, individually and on behalf of all others similarly situated, | Case No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| ARStrat, LLC, | |
| Defendant. | |

Plaintiff Lisa M. Schultz, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendant ARStrat, LLC as follows:

**INTRODUCTION**

1.      This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d).   The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

1

3. This court has jurisdiction over defendant ARStrat, LLC because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

4. Venue is proper is this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5. Plaintiff Lisa M. Schultz ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. Defendant ARStrat, LLC ("Defendant") is a company existing under the laws of the State of Texas, with its principal place of business in Houston, Texas.

8. Defendant has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's businesses is the collection of such debts.

12. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall

mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

15. In or about May 2020, Plaintiff received medical services from Northwell Health.

16. Thereafter, Northwell Health claimed Plaintiff incurred a debt for the medical services ("the alleged Debt").

17. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20. In its efforts to collect the alleged Debt, Defendant decided to contact Plaintiff by written correspondence.

21. Rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant decided to utilize a third-party vendor to perform such activities on its behalf.

22. As part of its utilization of the third-party vendor, Defendant conveyed information regarding the alleged Debt to the third-party vendor.

23. The information conveyed by Defendant to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, and the fact that the alleged Debt concerned Plaintiff's medical treatment, among other things.

24. Defendant's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

25. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at Defendant's direction.

26. That letter, dated November 17, 2020, was received and read by Plaintiff. (A true and accurate copy of that collection letter (the "Letter") is annexed hereto as "**Exhibit 1**.")

27. The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

28. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

29. The bottom of the Letter indicates that Defendant is attempting to collect on the account number 26267916.

30. The bottom of the Letter further indicates that Defendant is attempting to collect $81.81 for that account.

31. However, the debt itemization in the Letter lists account number 26267916, but this time indicates that $16.81 is due on that account.

32. Moreover, the debt itemization includes additional account numbers: account number 26269581, account number 26270041 and account number 26270042, all bearing different amounts.

33. The bottom of the Letter lists a different amount due for the same account number set forth in the itemization.

34. Plaintiff did not have multiple accounts with Northwell Health.

35. The bottom of the Letter lists a different amount due for the same account number set forth in the itemization.

36. Because of the aforementioned inconsistencies, the multiple account numbers, and the differing amounts, the least sophisticated consumer would likely be confused as to the amount of the debt.

37. Because of the aforementioned inconsistencies, the multiple account numbers, and the differing amounts, the least sophisticated consumer would likely be uncertain as to the amount of the debt.

38. Because of the aforementioned inconsistencies, the multiple account numbers, and the differing amounts, the least sophisticated consumer would not be able to clearly determine the amount of the debt.

39. Because of the aforementioned inconsistencies, the multiple account numbers, and the differing amounts, the least sophisticated consumer would find the amount of the debt as stated in the Letter to be ambiguous.

40. Because of the aforementioned inconsistencies, the multiple account numbers, and the differing amounts, the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

41. Defendant's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendant's conduct.

42. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect the alleged Debt and other alleged debts.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692c(b) and § 1692f

43. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

44. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

45. The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

46. Plaintiff never consented to Defendant's communication with the third-party vendor concerning the alleged Debt.

47. Plaintiff never consented to Defendant's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

48. Plaintiff never consented to Defendant's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

49. Upon information and belief, Defendant has utilized a third-party vendor for these purposes thousands of times.

50. Defendant utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

51. Defendant utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

52. Defendant utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Defendant's unauthorized disclosure of such private and sensitive information.

53. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

54. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

55. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

56. Defendant disclosed Plaintiff's private and sensitive information to the third-party vendor.

57. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

58. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## SECOND COUNT
## Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

59. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

60. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

61. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

62. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

63. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

64. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

65. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

66. For the reasons set forth in paragraphs 29 through 42 of this Complaint, in the eyes of the least sophisticated consumer the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate, and the Letter is also reasonably susceptible to an inaccurate reading.

67. The least sophisticated consumer could reasonably interpret the Letter to mean that Defendant is demanding payment only for account number 26267916.

68. Conversely, the least sophisticated consumer could also reasonably interpret the Letter to mean that Defendant is demanding payment for all the accounts.

69. Because one of these interpretations must be inaccurate, the Letter violates 15 U.S.C. § 1692e.

70. For the reasons set forth in paragraphs 29 through 42 of this Complaint, the least sophisticated consumer could reasonably interpret the Letter to mean that Defendant is demanding $81.81 for account number 26267916.

71. Conversely, the least sophisticated consumer could also reasonably interpret the Letter to mean that Defendant is demanding $81.81 for all the accounts.

72. Because one of these interpretations must be inaccurate, the Letter violates 15 U.S.C. § 1692e.

73. For the reasons set forth in paragraphs 29 through 42 of this Complaint, the least sophisticated consumer could reasonably interpret the Letter to mean that even if he or she pays the amount due, he or she may still be responsible for the other accounts.

74. Conversely, the least sophisticated consumer could also reasonably interpret the Letter to mean that payment of the amount due will satisfy all the accounts.

75. Because one of these interpretations must be inaccurate, the Letter violates 15 U.S.C. § 1692e.

76. These multiple interpretations, while all reasonable, would hamper the least sophisticated consumer's ability to respond to the collection letter.

77. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of these rights.

78. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor

## CLASS ALLEGATIONS

79. Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of New York.

80. Plaintiff seeks to certify two classes of:

> i. All consumers where Defendant sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.
>
> ii. All consumers to whom Defendant sent a collection letter substantially and materially similar to the letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

81. This action seeks a finding that Defendant's conduct violates the FDCPA and asks

that the Court award damages as authorized by 15 U.S.C. § 1692k.

82. The Class consists of more than thirty-five persons.

83. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

84. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

85. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

86. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

    a. Certifying this action as a class action; and

    b. Appointing Plaintiff as Class Representative and Plaintiff's

  attorneys as Class Counsel; and

 c. Finding Defendant's actions violate the FDCPA; and

 d. Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

 e. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

 f. Awarding the costs of this action to Plaintiff; and

 g. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

 h. Such other and further relief that the Court determines is just and proper.

DATED: April 21, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By:  s/ *David M. Barshay*
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL21142
*Attorneys for Plaintiff*